**BLD-305**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3181
_____

IN RE:  ELISTON F. GEORGE,

                                              Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of the Virgin Islands
(Related to D.C. Civil No. 1:13-cv-00047)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 10, 2014

Before:  AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 21, 2014)

_____

OPINION
_____

PER CURIAM

Pro se litigant Eliston F. George asks us for a writ of mandamus directing

Magistrate Judge George W. Cannon of the United States District Court for the District

of the Virgin Islands to expedite proceedings on George's civil rights complaint.  In the

alternative, George seeks a writ of prohibition.  We will deny both requests.

Mandamus is a "drastic remedy" available in extraordinary circumstances only. In re: Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam). However, mandamus may be warranted when a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

The delay complained of by George is not tantamount to a failure to exercise jurisdiction. George initially filed his 42 U.S.C. § 1983 complaint in April 2013, and he sought to amend it in May 2013. The District Court granted his motion to amend in September 2013. In January 2014, George filed a motion for default judgment based on the defendants' failure to respond to his complaint.[1] In March 2014, one of the three defendants filed a motion to dismiss. There has been no action in his case since that time. The delay "does not yet rise to the level of a denial of due process." Id. We are fully confident that the District Court will rule on George's complaint without undue delay. Thus, the extraordinary remedy of mandamus is not warranted in this case. For the same reasons, he has not demonstrated a basis for issuance of a writ of prohibition. See In re

---

[1] It appears that only one of the three defendants has received service of process.

2

Sch. Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (explaining that "[a]lthough a writ of mandamus may appear more appropriate when the request is for an order mandating action, and a writ of prohibition may be more accurate when the request is to prohibit action . . . the form is less important than the substantive question of whether an extraordinary remedy is available") (internal quotation marks omitted).

Accordingly, we will deny the petition for a writ of mandamus.